IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Baltimore Division

| | |
|---|---|
| **Heaven White**, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**The City of Annapolis by and through the City Council**, *et al.*,<br><br>**Defendants.** | **Civil Action No. 1:19-cv-01442-CCB** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CITY OF ANNAPOLIS' OBJECTION TO PLAINTIFFS' FILING ECF 72**

Plaintiffs, by and through their undersigned counsel, P. Joseph Donahue and Lisa Marie Sarro of The Donahue Law Firm, Kathleen M. Hughes and Amy B. Siegel, of Maryland Legal Aid, attorneys, and pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 105.11, and ABA Rule 2.9, move this Court as follows:

1. It was the collective belief of undersigned counsel that the Court's December 28, 2020 direction to counsel called for an *ex parte* submission of information regarding the specifics of the settlement distribution and fees as regards the Plaintiffs in this matter. That belief was the representation that undersigned would be submitting a filing "under seal," which was made **without** objection of Defendant's counsel. Had there been any objection, undersigned would have sought to supply the Court with the requested information in such a way as to protect this information from the public domain **and** from Defendants.

2. Local Rule 105.11 references "[a]ny motion seeking sealing." The information requested by the Court and filed by undersigned was not the basis of any motion but was submitted at the direction of the Court.

1

3. ECF 72 was not an *ex parte* communication *per se*, as Defendant had the opportunity to respond or object at the time the Court requested its submission. However, even if this was an *ex parte* communication, it is self-evident that the contents of ECF 72, which speak only to the division of the settlement amongst Plaintiffs, by its nature, has no substantive effect on this litigation, and as a result, the Court is authorized to accept this type of information *ex parte* for its benefit pursuant to ABA Rule 2.9.

4. Plaintiffs incorporate as though set forth fully herein, ECF 73 and the relief requested therein, to wit, that Defendant's objection be overruled, and that the parties be directed to finalize all issues related to Paragraph 36 of the Consent Decree for the Court's consideration.

Date: January 7, 2021

Respectfully Submitted,

**The Donahue Law Firm**

By: /s/ *P. Joseph Donahue*
P. Joseph Donahue, Esquire
Bar Number: 06245
18 West Street
Annapolis, Maryland 21401
Telephone: 410-280-2023
Fax: 410-280-0905
Email: pjd@thedonahuelawfirm.com

/s/ *Lisa M. Sarro*
Lisa M. Sarro
Bar Number: 14803
lmsarro@mdlab.org
P.O. Box 907
Annapolis, Maryland 21404

**Maryland Legal Aid – Anne Arundel County Office**

By: /s/ *Kathleen M. Hughes*
Kathleen M. Hughes
Bar Number: 14892
khughes@mdlab.org

Telephone: 410-972-2700
Fax: 410-269-8916

/s/ *Amy B. Siegel*
Kathleen M. Hughes
Bar Number: 20983
asiegel@mdlab.org
Telephone: 410-972-2700
Fax: 410-269-8916
*Attorneys for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response in Opposition was electronically served upon:

E.I. Cornbrooks, IV, Esq.
Michael B. Rynd, Esq.
Karpinski, Colaresi & Karp, P.A.
Suite 1850, 120 E. Baltimore Street
Baltimore, MD 21202
scornbrooks@bkcklaw.com
mrynd@bkcklaw.com
*Attorneys for Defendants City of Annapolis*

Carrie Blackburn Riley, Esq.
Blackburn Riley, LLC
222 Courthouse Court, Ste. 2F
Baltimore, MD 21204
cbr@blackburnriley.com
*Attorneys for Defendants Housing Authority of the City of Annapolis*

                                              /s/ *P. Joseph Donahue*
                                              P. Joseph Donahue, Esquire